1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE YOUNG,

                              Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

                              Defendant.

Case No. 3:16-cv-05586-JLR-KLS

REPORT AND RECOMMENDATION

Noted for April 7, 2017

        Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income (SSI) benefits. This

matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v.*

*Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons

set forth below, the undersigned recommends that the Court affirm defendant's decision to deny

benefits.

FACTUAL AND PROCEDURAL HISTORY

        On February 20, 2013, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications that he became disabled beginning

January 1, 2012. Dkt. 10, Administrative Record (AR) 13. Both applications were denied on

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil
Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the
defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect
this change.

REPORT AND RECOMMENDATION - 1

initial administrative review and on reconsideration. *Id.* A hearing was held before an

administrative law judge (ALJ), at which plaintiff appeared and testified as did a vocational

expert. AR 30-72.

In a written decision dated January 15, 2015, the ALJ found that plaintiff could perform

his past relevant work and therefore that he was not disabled. AR 13-24. Plaintiff's request for

review was denied by the Appeals Council on April 28, 2016, making the ALJ's decision the

final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this

Court on July 11, 2016. AR 1, Dkt. 3, 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative

proceedings, arguing the ALJ erred in failing to properly consider plaintiff's credibility regarding

his allegations of disability. For the reasons set forth below, however, the Court disagrees that

the ALJ erred as alleged, and therefore recommends that the Court affirm the decision to deny

benefits.

<u>DISCUSSION</u>

The Commissioner's determination that a claimant is not disabled must be upheld if the

"proper legal standards" have been applied, and the "substantial evidence in the record as a

whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

*see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

*Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

*Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

REPORT AND RECOMMENDATION - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

The ALJ gave three reasons for finding plaintiff to be not fully credible concerning his alleged symptoms and limitations: (1) inconsistency with the objective medical evidence in the record; (2) inconsistency with plaintiff's activities of daily living; and (3) failure to seek greater medical treatment for plaintiff's right shoulder complaints. AR 21-22. Plaintiff argues the ALJ committed error in regard to the third stated reason for discounting his credibility. Plaintiff does not challenge the first two stated reasons. The Court finds no error here.

Failure to assert a good reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). A lack of consistent treatment or a limitation to conservative treatment only also may be relied on by the ALJ to discount a claimant's credibility. *Meanal v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (the ALJ properly considered the failure to request serious medical treatment for supposedly excruciating pain); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (the ALJ did not err in finding a prescription for conservative treatment only to be suggestive of lower level of pain

and functional limitation); *see also* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *7 (a claimant's statements may be deemed "less credible if the level or frequency of treatment is inconsistent with the level of complaints").

Plaintiff argues the ALJ erred, however, by ignoring evidence in the record that shows he had no health insurance and could not afford medical treatment. An ALJ "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. SSR 96-7p, 1996 WL 374186, at *7. For example, benefits may not be denied because of a claimant's failure to obtain treatment due to his or her inability to afford it. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (improper to discount credibility based on failure to pursue treatment, where the claimant "has a good reason for not" doing so, such as lack of insurance coverage).

The record, though, does not clearly show plaintiff has been unable to obtain treatment due to his financial circumstances. In mid-May, 2013, plaintiff was noted to "currently have no insurance coverage." AR 363. In July 2014, plaintiff reported that he did not have any money to hire a lawyer. AR 405. There are other references in the record to plaintiff's certainly less than ideal financial circumstances. *See* AR 413, 441, 443, 469, 573, 580. But in January 2014, it was noted that plaintiff was "to have surgery in a few weeks," indicating at the very least that he had access to medical treatment sufficient to obtain surgery. AR 537. At the December 2014 hearing, furthermore, plaintiff testified that at some point he was placed on "temporary disability," again suggesting some kind of access to health care. AR 42.

Certainly, the evidence in the record regarding the exact nature of plaintiff's ability to get

REPORT AND RECOMMENDATION - 5

access to medical treatment is not the most clear. *See* AR 41-46, 58. But to the extent the record is ambiguous or conflicting on this issue, it is solely the responsibility of the ALJ to resolve any such conflict or ambiguity. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Sample*, 694 F.2d at 642. Here, in light of the evidence discussed above, the ALJ was not remiss in finding plaintiff's reasons for not seeking greater treatment to be "rather vague." AR 21. In addition, even if the ALJ did err in relying on this as a basis for discounting plaintiff's credibility, the ALJ provided to other reasons for doing so, neither of which plaintiff has challenged.[2] Accordingly, any such error the ALJ can be said to have committed here is harmless.[3]

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ properly determined plaintiff to be not disabled, and therefore that it affirm defendant's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **April 7, 2017**, as noted in

---

[2] *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (a finding that the medical evidence is inconsistent with a claimant's subjective complaints may be relied on by the ALJ) *Smolen*, 80 F.3d at 1284 (the ALJ may consider a claimant's activities of daily living in assessing a claimant's credibility); *see also Tonapetyan*, 242 F.3d at 1148 (the fact that not all of the reasons for discounting a claimant's credibility are proper does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record).

[3] *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless where it is non-prejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on the part of the ALJ would not have affected "ALJ's ultimate decision").

REPORT AND RECOMMENDATION - 6

1    the caption.

2         DATED this 21st day of March, 2017.

3

4

5

6                                          Karen L. Strombom
                                           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 7